ANNA BAYDROP, ET AL.

vs.

SECOND NATIONAL BANK, TR.

Superior Court    New Haven County    File #44138

Present:  Hon. JOHN RUFUS BOOTH, Judge.

Herbert L. Dickenson,    Attorney for the Plaintiff.

Daggett & Hooker,    Attorneys for the Defendant.

**MEMORANDUM FILED JANUARY 28, 1935.**

BOOTH (JOHN RUFUS), J.   The plaintiffs in this action are holders of fractional mortgage notes secured originally by a mortgage providing by its terms that one Parker-Smith Company should act in reference to the interests of the plaintiff and others similarly situated as trustee, possessed of broad powers and subject to obligations as expressed in such instrument.   Provision is made therein for the continuance of such trusteeship by the defendant in certain contingencies which have arisen, and it is conceded that the defendant now is the successor trustee as provided in said instrument.

The complaint seeks an accounting covering both the monies received and expended in the administration of said trust, and a full disclosure of the names of such noteholders, co-beneficiaries with the plaintiffs.

Claim is also made for the return to the plaintiffs of certain monies claimed to have been withheld by the defend-

ant as commissions for the administration of the corpus of the trust. There is also sought, the removal of the trustee and the appointment of a successor.

Upon the trial, the trust relationship was conceded as was the receipt by the defendant of property in which the plaintiffs had an interest as cestric que trustent.

As a general matter of equity, the existence of a trust relationship is accompanied as a matter of course by the right of the beneficiary to demand of the fiduciary a full and complete accounting at any proper time (65 C. J., 878). The scope of such accounting depends of course upon the circumstances of the individual case, and, as a general rule, should include all items of information in which the beneficiary has a legitimate concern. Of necessity, the precise question raised in the case, to wit: the right of a disclosure of the identity of persons equally interested with the plaintiff, in the trust, has not been often before the courts. However, where the question has arisen there seems to have remained no doubt of the right of the beneficiary thereto, or of the Court's equitable power to order that such information be given. (Nemerov vs. N. Y. Title & Mortgage Co., 268 NYS, 588.)

Whereas, under the mortgage there is an express provision that the defendant in performing its duties as trustee shall not be entitled to receive any compensation for its services as such trustee, and it does appear that it has withheld from time to time certain sums which it has designated as commissions, there is also before the Court, evidence to indicate that the property making up the corpus of the trust is subject to tax obligations of a substantial amount. It is the opinion of the Court, that under the terms of the trust, the defendant was not entitled to retain these sums listed as commissions, and that the plaintiffs are entitled to have them applied to the preservation of their interests. Upon the evidence, it must therefore be found that these sums should be devoted to defray necessary expenses for the preservation of the trust property, and that the balance, if any there be, is distributable pro rata to the plaintiffs as their interests in the trust estate may appear.

The prayer that the trustee be removed, and that a successor be appointed is addressed to the sound discretion of the Court and there appearing no basis for a conclusion that

the trustee is acting other than in good faith, it should not at this time be granted.

Because of the foregoing, it is therefore ordered that the defendant forthwith account to the plaintiffs in accordance with this memorandum for all property received and expended by it, and include in said accounting a complete list of the names and addresses of all the noteholders having an interest in the corpus of the trust estate.

The claim of the plaintiffs for a specific order directing the defendant to return to them monies in its hands cannot be acted upon until the accounting herein provided for, is filed.

Judgment may therefore, be entered for the plaintiffs in accordance with the above memorandum, together with costs.