■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY BIRCH, Appellant.—Judgment, Supreme Court, New York County, rendered on June 23, 1975, unanimously affirmed. The case is remitted to the Criminal Term, Supreme Court, New York County, for proceedings to direct defendant to surrender himself to said court in order that execution of the judgment be commenced or resumed. No opinion. Concur—Markewich, J. P., Kupferman, Silverman, Lane and Nunez, JJ.

■ EDWARD KELLY, Respondent, v GEORGE SASSOWER, Appellant.— Judgment, Supreme Court, New York County, entered on September 24, 1975, unanimously affirmed. Respondent shall recover of appellant $40 costs and disbursements of this appeal. Respondent-appellant (appellant) is the trustee of a trust established July 25, 1970, by a written instrument executed by and between the grantor, Eugene Paul Kelly, and appellant. The trust agreement expressly provided that the trust "shall terminate on January 2, 1974, or upon the death of any one of said beneficiaries herein, whichever shall first occur." Thus, by its terms, the trust terminated January 2, 1974. Despite repeated directions to account, appellant has failed to do so. We agree with Special Term that the "accounting" filed is incomprehensible and unacceptable. *Inter alia,* a proper accounting should state in clear and understandable terms the nature and value of the trust corpus when received; any realized increases or decreases on principal; any income received; any disbursements and distributions to beneficiaries; any commissions paid; and the amount and location of any balance on hand. We are at a loss to understand why a proper accounting has not been filed, and a distribution made in accordance with the terms of the trust agreement. It may be that removal proceedings should be considered if there is a continued refusal to account as to the July 25, 1970 trust (EPTL 7-2.6, subd [a], par [2]). Concur—Stevens, P. J., Markewich, Murphy, Silverman and Capozzoli, JJ.