C & S Research Corporation *v.* Holton Company
ET AL.

Appellate Session of the Superior Court

File No. 568

Argued February 21—decided August 15, 1980

*Richard H. G. Cunningham,* for the appellant (plaintiff).

*William J. Murray,* for the appellees (defendants).

Bieluch, J. This action arose out of a contract dispute between the parties. In return for the plaintiff's promise to design sheet metal switch plates, the defendant partner, in his capacity as general partner of the defendant limited partnership,

Holton Company, agreed to pay a one cent royalty for each switch plate sold. The defendant corporation, Holton Electric Switch Plate Corporation, subsequently took over the partnership's switch plate business.

The case was transferred on motion of the defendants from the small claims docket to the regular docket of the Circuit Court. The plaintiff claimed from all three defendants an accounting, damages and attorney's fees. Judgment was rendered by the Court of Common Pleas for the plaintiff against the partner only. The plaintiff appealed from this decision, raising three claims of error.

The plaintiff first claims that the trial court erred in denying judgment against the limited partnership. As relevant here, General Statutes § 34-17 provides that "[a] general partner [of a limited partnership] shall have all the rights and powers and be subject to all the restrictions and liabilities of a partner in a partnership without limited partners . . . ." Under General Statutes § 34-47 (1) every general partner is an agent of the partnership and is capable of binding it to a contract.[1] By virtue of these statutes and the finding that the partner negotiated and executed the agreement as a general partner of the partnership, judgment should have also been rendered against the partnership.

The second claimed error is that the trial court erred when it denied the plaintiff's prayer for an

[1] The pertinent part of General Statutes § 34-47 (1) reads: "Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority."

accounting of the partnership's switch plate sales. "Although an accounting is also a legal remedy, it 'has become to a great extent equitable'; . . . particularly where it is used as a preliminary step in establishing other rights." *Dick* v. *Dick,* 167 Conn. 210, 222, 355 A.2d 110 (1974). "To support an action of accounting, one of several conditions must exist. There must be a fiduciary relationship, or the existence of mutual and/or complicated accounts, or a need of discovery, or some other special ground of equitable jurisdiction such as fraud." *Donahue* v. *Barnes,* 6 Conn. Cir. Ct. 64, 65–66, 265 A.2d 87 (1969). The trial court found that neither a fiduciary relationship nor mutual or complicated accounts existed. If either one of these findings is incorrect, then the plaintiff is entitled to an accounting.

"Courts of equity have original jurisdiction . . . to compel an accounting, where a fiduciary relationship exists between the parties and a duty rests upon the defendant to render an account. This right exists not only in the case of those relationships which are traditionally regarded as those of trust and confidence, but also in those informal relations which exist whenever one person trusts in and relies upon another. The relationship . . . between parties to a business agreement [has] . . . been held to involve such confidence and trust as to entitle one of the parties to an accounting in equity." 1 Am. Jur. 2d, Accounts and Accounting § 52.

In *Strang* v. *Witkowski,* 138 Conn. 94, 101, 82 A.2d 624 (1951), an accounting was ordered when an independent salesman sought commissions from a partnership for work done for customers secured by him. See also *Stanley* v. *M. H. Rhodes, Inc.,* 140 Conn. 689, 103 A.2d 143 (1954). It was also the proper remedy when an inventor demanded royalties due to him pursuant to an agreement. *Rockwell*

v. *New Departure Mfg. Co.,* 102 Conn. 255, 308–309, 128 A. 302 (1925). Again, in *Valdes* v. *Larrinaga,* 233 U.S. 705, 34 S. Ct. 750, 58 L. Ed. 1163 (1914), the plaintiff helped the defendant secure a franchise in return for a promise of a percentage of the profits. When the defendant breached the agreement, the plaintiff sued for an accounting. The court concluded that a fiduciary relationship existed between the parties and that the plaintiff had "an equitable interest in the [franchise] to the extent of securing his share of the profits, if any . . . . It is a proper case for [an accounting]." Id., 709.

The present case is similar to *Valdes* v. *Larrinaga, supra.* The plaintiff's one cent equitable interest in the partnership's gross receipts created a fiduciary relationship sufficient, in and of itself, to sustain a demand for an accounting. When a demand for an accounting is based on a fiduciary relationship, it is irrelevant whether a complete and adequate discovery procedure exists at law. Any other conclusion would effectively destroy a beneficiary's equitable right to an accounting from his fiduciary. See 1 Am. Jur. 2d, Accounts and Accounting § 54. Since we have found that the fiduciary relationship between the plaintiff and the partnership is basis enough for an accounting, the trial court's conclusion that an accounting was not required because the information should have properly been obtained by discovery need not be considered.

The trial court's final ground for denying the plaintiff's claim for an accounting was based on its finding that the expense of auditor services would be inequitable in a case originating in a small claims proceeding. This finding was made without any supporting evidence of the cost of an audit. Furthermore, a plaintiff's equitable remedies in the

regular docket of the court should not be prejudiced because the action was originally a small claims matter.

The final issue is the plaintiff's claim that the attorney's fees awarded to it were not reasonable. See General Statutes § 52-251a. An award of attorney's fees is not a matter of right. Whether any award is to be made and the amount thereof lie within the discretion of the trial court, which is in the best position to evaluate the particular circumstances of a case. In this case, the court found that at least fifty hours of preparation were required by the plaintiff's attorney and that the reasonable rate of compensation for legal services at the time of the case was $40 per hour. Nevertheless, its award of reasonable attorney's fees to the plaintiff was $300. In view of the finding, it would seem that the court abused its discretion in its award of reasonable attorney's fees. In this regard, the court erred.

There is error, the judgment is set aside and the case is remanded for further proceedings consistent with the law.

In this opinion PARSKEY and DALY, Js., concurred.