RICHARD A. ZUCH *v.* THE CONNECTICUT BANK AND TRUST COMPANY, INC.
(3793)

DUPONT, C. J., HULL and BORDEN, Js.

458

Argued October 2—decision released November 12, 1985

*Bourke G. Spellacy,* with whom, on the brief, was *Peter R. Huntsman,* for the appellant (defendant).

*Arnold B. Abrams,* for the appellee (plaintiff).

DUPONT, C. J. The plaintiff, the sole beneficiary of a trust, sought equitable relief in a one count complaint, including an accounting under General Statutes §§ 52-401 through 52-405, from the defendant trustee of the trust. The only factual allegations of the complaint were the recitation of the establishment of the trust and that, "[p]ursuant to the said trust agreement, [the defendant] undertook a fiduciary relationship in which it was charged pursuant to the trust agreement to properly manage and invest and distribute the trust funds for the benefit of the plaintiff . . . ."

The first issue to be resolved is whether the trial court, *Shaughnessy, J.,* properly denied the defendant's motion to strike the complaint for failure to state a claim upon which relief could be granted. The second issue, reached if the motion to strike was properly denied, is whether the trial court, *Maloney, J.,* erred in concluding that the plaintiff's complaint was suffi-

cient as a matter of law and in ordering the appointment of auditors, pursuant to the statutes, for the purpose of evaluating the propriety and prudence of the investment decisions of the trustee made during the entire period of its administration of the trust.[1]

In 1962, Louis Zuch executed a declaration and agreement of trust for the benefit of his son, the plaintiff. It provided for a payment of $350 per month to the plaintiff, with an increase to $400 should the plaintiff marry and have a child. The trust was to terminate in 1987. In 1964, the defendant succeeded Louis Zuch as sole trustee. The corpus of the trust then consisted of a portfolio of stocks, bonds and some cash which, as of June, 1965, was valued at $75,296.85. The plaintiff received $350 per month from the trust until 1967 when his son was born, and $400 per month, thereafter, until August, 1982, when the corpus was exhausted.

In the period from 1971 to 1980, the trust funds were shifted by the defendant among a variety of investments in an attempt to maximize the income generated by the trust. These instruments ranged from diversified stock funds managed by the defendant to interest bearing money market accounts, also managed by the defendant.

The defendant's motion to strike was denied without opinion by the court, *Shaughnessy, J.* The motion was based on the defendant's claim that the plaintiff's complaint required allegations of misfeasance or nonfeasance by the defendant or allegations of a breach of contract or of the commission of a tort. The defendant did not claim as the basis for its motion to strike, as it did at oral argument and in its brief in this court,

---

[1] No final judgment was rendered by the trial court. General Statutes § 52-405 provides in pertinent part: "When, in any action demanding an accounting, a judgment is rendered ordering such accounting, appeal may be had from such judgment to the appellate court, as if it were a final judgment."

that the allegations of the complaint were insufficient to support a cause of action upon which relief could be granted because of the plaintiff's failure to allege a demand and a refusal to give an accounting by the defendant. Claims not made to the trial court will not ordinarily be considered by this court on appeal. *Northeast Electrical Contractors* v. *Udolf,* 1 Conn. App. 169, 171, 469 A.2d 419 (1984). In determining whether the motion to strike was properly denied, therefore, we consider only the ground claimed for the motion.

The basis for a right to an accounting is supported by an allegation that a fiduciary relationship exists. *C & S Research Corporation* v. *Holton Co.,* 36 Conn. Sup. 619, 621–22, 422 A.2d 331 (1980). The fiduciary relationship is in and of itself sufficient to form the basis for the relief requested. Id. The motion to strike, therefore, was properly denied, based upon the grounds claimed, because an action for a statutory accounting from a fiduciary does not require allegations of wrongdoing.

Although the defendant's motion to strike was not based upon the plaintiff's failure to allege a demand for an accounting and the defendant's refusal to give one, the issue was raised for the first time by the defendant in its closing argument before the trial judge, *Maloney, J.* The court ruled that such a failure did not render the plaintiff's cause of action insufficient as a matter of law. The court also held that although the plaintiff had not alleged it, the plaintiff had proven during the trial that he had sought an accounting of the reason for the decline in the value of the trust assets, but had, instead, been given periodic reports which listed expenditures, fees and the current market value of the trust assets.

The remedy of an accounting, whether in a legal or equitable form, has been traditionally recognized in this

jurisdiction. See, e.g., *Barnum* v. *Landon,* 25 Conn. 137 (1856); *Sturges* v. *Bush,* 5 Day 452 (1813); *Mott* v. *Downer,* 1 Root 425 (1792). General Statutes §§ 52-401 through 52-405 represents the present form of the statutory codification of this remedy. See also *Kane* v. *Kane,* 120 Conn. 184, 188, 180 A. 308 (1935).

Appropriate factual allegations for an accounting must be shown before a party can invoke this remedy. An examination of Connecticut cases reveals that an allegation of demand and refusal has been required in most but not all instances, with many decisions turning on the specific facts of the particular case. See *Chiarelli* v. *Pentino,* 100 Conn. 686, 690, 124 A. 806 (1924); *Southworth* v. *Smith,* 27 Conn. 354, 357 (1858); *Smith* v. *Lawrence,* 26 Conn. 468, 478 (1857); *Barnum* v. *Landon,* supra, 151; but see *New Haven Sand Blast Co.* v. *Dreisbach,* 102 Conn. 169, 190, 128 A. 320 (1925); *Sturges* v. *Bush,* supra, 457. The statute, on its face, does not provide any guidance on the issue of the allegations necessary to support a cause of action for an accounting.[2]

The general rule is that a prior demand by the plaintiff for an accounting and a refusal by the defendant to account is a prerequisite to the commencement of an action for an accounting. See 1 Am. Jur. 2d, Accounts and Accounting §§ 46, 47. The plaintiff must allege such a demand in his pleadings, with failure to do so resulting in dismissal of the action. Id; see also 1 C.J.S., Accounting § 38 (a) (4); 143 A.L.R. 1211.

While there are cases which hold otherwise, the vast weight of authority in this jurisdiction requires the allegation of a demand and refusal before a party may suc-

---

[2] General Statutes §§ 52-401 through 52-405 are primarily concerned with the procedure to be followed after the trial court has determined that an accounting is due. General Statutes § 52-401 simply provides: "In any judgment or decree for an accounting, the court shall determine the terms and principles upon which such accounting shall be had."

cessfully invoke the remedy of an accounting. Such a conclusion is in accord not only with the traditional understanding of an accounting as a remedy; see 1 Am. Jur. 2d, Accounts and Accounting §§ 46, 47; 1 C.J.S., Accounting §§ 28, 38 (a) (1); 1 C.J., Accounts and Accounting § 80 n.8; but it also comports with Practice Book Form 604.5. Furthermore, the requirement of such an allegation, as a practical matter, may prevent useless litigation. See *Edgerton* v. *Armour & Co.,* 94 F. Sup. 549, 557 (S.D. Cal. 1950). The court erred in finding the complaint legally sufficient to state a cause of action upon which relief could be granted.

This conclusion would ordinarily be sufficient for us to remand the case with direction to render judgment for the defendant. In this case, however, the type of accounting sought by the plaintiff and ordered by the court is such that the issue is likely to arise again. In the interest of judicial economy, therefore, we consider the defendant's claim of error directed to the type of accounting ordered by the court. That order required the defendant to provide a written justification of its investment policy and objectives used in managing the trust over the years in question, and included the following items: the rate of earnings *projected* in advance by the defendant for each of the years, in addition to the *actual* earnings and rate of earnings for each year, and opinions by auditors, to be appointed by the court, as to the prudence of the defendant's investments.

The plaintiff sought an accounting on the basis of the fiduciary relationship assumed by the defendant as trustee. "As a general matter of equity, the existence of a trust relationship is accompanied as a matter of course by the right of the beneficiary to demand of the fiduciary a full and complete accounting at any proper time (65 C.J., [Trusts p.] 878). The scope of such accounting depends of course upon the circumstances of the individual case, and, as a general rule, should

include all items of information in which the beneficiary has a legitimate concern." *Baydrop* v. *Second National Bank,* 1 Conn. Sup. 29, 30, modified on other grounds, 120 Conn. 322 [180 A. 469] (1935); see also *C & S Research Corporation* v. *Holton Co.,* supra.

A proper accounting, at a minimum, should state in clear and concise terms the nature and value of the corpus of the trust when received by the trustee, any realized increases or decreases on principal or income, any income generated by the trust, any disbursements or distributions to beneficiaries, any commissions, charges, or fees paid, including those paid to the trustee in the management and administration of the trust, and the amount and location of any balance or remainder. See *Kelly* v. *Sassower,* 52 App. Div. 2d 539, 382 N.Y.S.2d 88 (1976); Bogert, Trusts and Trustees (2d Ed. Rev. 1983) §§ 961, 963, 970; Scott, Trusts (3d Ed. 1967) § 172. "In such an action the court does not go into the items of the account but only pleas attacking the right of the plaintiff to have an accounting are permitted. The defense 'fully accounted' means that a full account has been rendered, not that all the money received has been properly expended." *Kane* v. *Kane,* supra, 188.

The trial court erred when it ruled that the scope of the accounting due the plaintiff should include a justification by the defendant of its investment policies during its management of the trust, the projected rate of earnings for each year and an evaluation of the propriety of the investments made by the defendant. The accounting given by the defendant was found by the trial court to have been periodic reports of expenditures, fees, and the current market value of the assets. This was sufficient.

In no way does this result undermine the standard of conduct traditionally accorded to the fiduciary rela-

tionship between a trustee and his beneficiary. The plaintiff has not alleged that the defendant engaged in mismanagement of the trust funds, in some type of wrongdoing, or in a breach of its fiduciary relationship. The case, given the particular pleading of the plaintiff, concerns only the scope of an accounting due by a trustee, absent such allegations.

There is error, the judgment ordering an accounting is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.