[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal of a Department of Income Maintenance ruling brought by the co-conservators of the estate of Paula Lieberman against the Commissioner of the Connecticut Department of Income Maintenance. In their petition, plaintiffs Herman and Myra Lieberman, the parents of Paula Lieberman, allege the following facts:
Paula Lieberman, age twenty-seven, is permanently mentally and physically disabled as a result of cardiac arrest suffered during surgery at age eight. Since 1975 she has resided at New Britain Memorial Hospital, where she is bedridden and dependent on a ventilator to breathe. (Plaintiffs) also state in their memorandum in opposition to the motion to dismiss that until 1989 the cost of Paula Lieberman's care was paid from a trust fund containing the proceeds from the settlement of a medical malpractice lawsuit brought on her behalf after she suffered cardiac arrest.)
On April 21, 1989, the plaintiffs applied to the Department of Income Maintenance for Medicaid benefits for their daughter, based on her disability and indigency. On August 18, 1989, the Department granted benefits, effective May 1, 1989. The plaintiffs requested an administrative hearing to contest the effective date of their daughter's eligibility for Medicaid; a hearing was held on November 2, 1989. Mr. Lieberman attended the hearing, but Mrs. Lieberman did not.
Plaintiffs allege that
 Despite testimony and documentary evidence presented by plaintiff Herman Lieberman and Susan Place, Patient Account's Manager at New Britain Memorial Hospital that Paula's assets had been depleted prior to May 1, 1989, because she was indebted to the hospital CT Page 280 for charges in excess of $10,000.00 per month, the hearing officer found that Ms. Lieberman's assets exceeded the Department's asset limits.
(Plaintiffs' petition at para. 8). The Notice of Decision dated December 21, 1989, stated that the hearing officer upheld the Department's decision that no eligibility for Medicaid existed prior to May 1, 1989.
Plaintiffs claim that the decision is arbitrary, unreasonable and illegal, and seek an order either remanding the case to the agency for a new hearing or vacating and setting aside the decision and granting the benefits sought.
Service of the petition was made on the Assistant Attorney General, 110 Sherman Street, Hartford, Connecticut 06105 by certified mail on January 29, 1990. The envelope containing the petition was addressed to Stephen O'Neill, A.A.G., Office of Attorney General, State of Connecticut, McKensie Hall, 110 Sherman Street, Hartford, Connecticut 06105.
On February 6, 1990, prior to the return date of February 13, 1990, Clarine Nardi Riddle, Attorney General, entered an appearance on behalf of the defendant.
Defendant now moves to dismiss the appeal on the ground that the court lacks subject matter jurisdiction because the service of process was not served on a proper party in accordance with Conn. Gen. Stat. sec. 4-183(c).
The defendant argues that Conn. Gen. Stat. sec. 4-183(c) requires an appeal from the decision of an administrative agent to be served on the agency or "at the office of the attorney general in Hartford. In this case, plaintiffs sent their appeal by certified mail to a specific Assistant Attorney General, at McKenzie Hall, not The Attorney General at 55 Elm Street. Therefore, the defendant argues that plaintiffs have failed to effect proper service under the statute. Such a defect, defendant argues, deprives the court of subject matter jurisdiction, and requires dismissal of the appeal.
In support of the motion to dismiss defendant has submitted three affidavits. Affiant Ruth Clark states that on January 29, 1990, she received and signed for certified mail parcel No. 740-742-422, the Office of the Attorney General at 110 Sherman Street, Hartford. Affiant Stephen O'Neill states that he is employed by the Office of the Attorney General as an Assistant Attorney General at 110 Sherman Street, Hartford, and does not represent the Department of Income Maintenance. He states that McKenzie Hall (110 Sherman Street) is a distinct CT Page 281 location of the Office of Attorney General, and that The Attorney General has her office at 55 Elm Street, Hartford. Affiant Richard J. Lynch states that he is the Department Head within the Office of the Attorney General with responsibility for representation of the Department of Income Maintenance, and is familiar with the policies of the Attorney General with regard to acceptance of process served on the Attorney General. Mr. Lynch states that "it is the policy of the Attorney General that service of process on her behalf may only be accepted by certain members of her administrative staff reporting directly to her at her office on the seventh floor of 55 Elm Street . . . and that no Assistant Attorney General is authorized to accept service of process on behalf of the Attorney General."
Plaintiffs oppose the motion to dismiss on two grounds. First, they argue that proper service was made pursuant to Conn. Gen. Stat. sec. 4-183(c), in that the copy of the complaint was mailed to "Office of The Attorney General" in "Hartford", and as such complied with the literal terms of the statute. They argue that although the Attorney General has two offices in Hartford, the statute does not designate 55 Elm Street as the only location of the Attorney General. Further, plaintiffs argue that the defendant has accepted service in the same manner in the recent past without challenge. (See affidavit of Sharon D. Langer). Plaintiffs assert that the defendant received timely, actual notice of the appeal, and has not been prejudiced in any way.
Second, plaintiffs argue in the alternative that any claim of alleged defeat in service of process has been waived because not timely raised under Conn. Practice Book Sec. 144, which requires a motion to dismiss to challenge the court's jurisdiction to be filed within thirty days of filing an appearance. Because the motion to dismiss was filed more than thirty days after the appearance was filed, plaintiffs argue that any claimed defect was waived by the defendant.
Finally, plaintiffs argue that any defect in the service of process is de minimis and not jurisdictional, and can, therefore, be waived by the court.
A motion to dismiss is the means by which a defendant challenges the court's jurisdiction. Conn. Practice Book Sec. 142 (rev'd. to 1978 as updated to 1989); Zizka v. Water Pollution Control Authority, 195 Conn. 682 (1985). A challenge to the court's jurisdiction over the person may be made even after the defendant has entered a general appearance; Conn. Practice Book Sec. 142; but must be made by filing a motion to dismiss within thirty days of the date the defendant has entered a general appearance. Id.; Parent v. Parent, 2 CSCR 276
CT Page 282 (February 2, 1987, Purtill, J.). Failure to file the motion to dismiss within the time period specified in Sec. 142 results in a waiver of the defendant's claim of lack of jurisdiction, except as to subject matter jurisdiction. Parent, 2 CSCR 276; Conn. Practice Book Sec. 144 (rev'd. to 1978). Insufficiency of service of process is a waivable jurisdictional defect. Conn. Practice Book Sec. 144. A claim of lack of subject matter jurisdiction is not waivable. Conn. Practice Book Sec. 145 (rev'd to 1978).
 A motion to dismiss admits all well-pleaded facts and invokes the existing record, and must be decided on the record, except where the motion is accompanied by supporting affidavits containing undisputed facts. In such a case, the affidavits may be relied on by the court . . . and the validity of the allegations in the complaint do not have to be presumed conclusively.
Barde v. Board of Trustees, 207 Conn. 59, 62 (1988). Affidavits filed in support of a motion to dismiss are insufficient to determine the facts unless they disclose that the facts are undisputed. Charron v. Taylor, 1 CSCR 30 (January 10, 1986, Walsh, J.). On a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff. Duguay v. Hopkins, 191 Conn. 222, 227 (1983).
Conn. Gen. Stat. sec. 4-183(c) (rev'd. to 1989, as amended effective July 1, 1989) states in pertinent part "[A] person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the attorney general in Hartford . . . ." (emphasis added). The right to appeal the decision of an administrative agency exists only under statutory authority. Connecticut Bank Trust Co. v. CHRO, 202 Conn. 150, 154
(1987). This right to appeal may be exercised only by strict compliance with the statute authorizing the appeal. Id. The provisions of the statute are mandatory, and failure to comply with them renders the appeal subject to abatement. Basilicato v. Dept. of Public Utility Control, 197 Conn. 320, 322 (1985). The appeal provisions of Conn. Gen. Stat. sec. 4-183 are jurisdictional in nature and, if not complied with, render the appeal subject to dismissal. Id. at 324. see also DelVecchio v. Dept. of Income Maintenance, 18 Conn. App. 13, 15 (1989).
The service of the appeal by plaintiffs conformed to the language of the statute, and was, therefore, proper. Conn. Gen. Stat. sec. 4-183 (c) allows service of an appeal of an administrative decision on the agency that rendered the decision CT Page 283 at the Office of the Attorney General in Hartford. Service pursuant to Conn. Gen. Stat. sec. 4-183 (c) may be made by U.S. mail, without the use of a sheriff or other officer, or made by personal service by a proper officer or indifferent person. The statute does not specify a particular address at which the appeal must be served, nor does it state that the appeal must be served on The Attorney General or on one of her designated staff members. Although Affiant Lynch alludes to a policy of the Attorney General regarding service of process, service of the appeal is governed by the statute, and not policy.
Accordingly, since we find service conforms to the statute, the motion to dismiss is denied.
ARNOLD W. ARONSON JUDGE, SUPERIOR COURT