[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION TO VACATE ARBITRATION AWARD AND MOTION TO CONFIRM AWARD
Presently before this court is New Hampshire Insurance Company's ("the company") application to vacate an arbitration award and Joseph Leniado-Chira's motion to confirm it. The plaintiff company claims that the majority of the arbitration panel exceeded its powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. The plaintiff claims that this is so because, the arbitrators: a) failed to conform the award to the submission by failing to consider a supplemental submission, b) failed to apply the law permitting set-off of a payment made personally by the tortfeasor, and c) failing to find that the father misrepresented the injured party's actual residence. The plaintiff asks that the award be vacated.
The parties stipulated to the following facts at the arbitration. Joseph Leniado-Chira is the co-conservator of the estate of his son, Joseph Leniado-Chira ("Leniado-Chira"). Leniado-Chira was severely injured when the car he was driving was struck by a vehicle operated by John W. White ("White"), who was intoxicated at the time and whose negligence caused the CT Page 8465 collision. White was covered by an automobile liability policy in the amount of $250,000. The entire amount of this policy was paid to Leniado-Chira thus exhausting the policy limits. White also personally paid $250,000 cash to Leniado-Chira in settlement of the claim.
At the time of the collision Leniado-Chira was covered by an insurance policy issued to him by the Company which provided underinsured motorist coverage in the amount of $500,000. The parties agreed to arbitrate the following issue which is pertinent to this proceeding: whether the Company is entitled to an additional set-off of the 250,000 which was directly paid by the tortfeasor. White?
The arbitrators found that Leniado-Chira was entitled to a gross award of $500,000 and that the Company was entitled to a credit or set-off of $250,000, the amount paid by the tortfeasor's insurance carrier to Leniado-Chira. Relying on American Universal Insurance Co. v. DelGreco, 205 Conn. 178, (1987) a majority of the arbitrators found that the Company was not entitled to a credit or set-off of the $250,000 paid personally by the tortfeasor. The arbitrators declined to rule on the supplemental submission relating to misrepresentation as it was not part of the original submission and because they doubted whether the issue would be arbitrable anyway.
The application to vacate the award was initially filed in the Hartford/New Britain judicial district. Leniado-Chira's motion to transfer the action to this judicial district was granted by the court (O'Neill, J.) and the action was ordered consolidated with the application to confirm the award now pending in this district.
I. MOTION TO DISMISS
Leniado-Chira has moved to dismiss the action on the ground that the court lacks jurisdiction to hear the application to vacate because the application was initially filed in the incorrect judicial district and the thirty day time period for filing the application in the proper judicial district has elapsed. He contends that General Statute 52-418 governing an application to vacate authorizes the application to be filed in a judicial district "in which one of the parties resides." He argues that while "[t]he defendant resides in Greenwich, the plaintiff has no residence within the State of Connecticut, having listed no Connecticut office with the Insurance Commissioner. . ." In support of his motion he has submitted the affidavit of Linda Grossberg which recites that she was told by the corporation information office of the Connecticut Secretary of the State that there is no record of a place of business in Connecticut for the Company. CT Page 8466 Also she was told by the Connecticut Department of Insurance that the Company has only a post office box mailing address in Wethersfield, Connecticut on file with that office.
In opposition to the motion, the Company argues that the application to vacate was timely filed in Hartford because the plaintiff has an office in Wethersfield. The affidavit of the plaintiff's attorney states that she contacted the Company's office located at 85 Wolcott Hill Road, Wethersfield, presumably to verify the existence of an office. A photocopy of a telephone book page attached as Exhibit A shows an address for the New Hampshire Insurance Company to be 85 Wolcott Hill Road, Wethersfield.
While the motion does not characterize the attack as one involving the subject matter jurisdiction of the court that is plainly what it is. A motion to dismiss admits all well-pleaded facts and invokes the existing record, and must be decided on that record, except where the motion is accompanied by supporting affidavits containing undisputed facts. In such case, the affidavits may be relied on by the court . . . and the validity of the allegations in the complaint do not have to be presumed conclusively. Barde v. Board of Trustees, 207 Conn. 59, 62, (1988). Affidavits filed in support of a motion to dismiss are insufficient to determine the facts unless they disclose that the facts are undisputed. Charron v. Taylor, 1 CSCR 30 (January 10, 1986, Walsh, J.)
In this case, the affidavit submitted by Leniado-Chira does lot contain undisputed evidence that the Company did not "reside" in the Hartford/New Britain judicial district because: a.) the failure of state agencies to have a record of the company's office does not preclude the actual existence of such an office, and b.) the Company's counter-affidavit casts that claim into severe doubt. The motion to dismiss is denied.
II. THE APPLICATION/MOTION
Section 52-418(a)(4) of the General Statutes authorizes the court to vacate an arbitration award "if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award on the subject matter submitted was not made." In this case, the insurance policy provides for binding arbitration of disputes as to coverage and the amount of damages. 38-336 of the General Statutes "requires binding arbitration for `final determination of insurance coverage' with respect to uninsured motorist claims if the insurance policy includes a provision for binding arbitration." Gaudet v. Safeco Ins. Co., 219 Conn. 391,394 (1991). On review of compulsory arbitration taken pursuant to General Statutes 38-336, this court must conduct a de novo review of the interpretation and application of the law by the CT Page 8467 arbitrators. American Universal Ins. Co. v. DelGreco, 205 Conn. 178,191, see also, Dugas v. Lumbermans Mutual Casualty Co.,14 Conn. App. 153, 156, (1988).
Based on the DelGreco case, the arbitrators specifically found that the Company was not entitled to set-off the $250,000 payment. This court's reading of DelGreco indicates that the arbitrators misinterpreted that decision. DelGreco involved the question of whether payment made to the injured party by a dram shop's insurer could be set-off against any payment the injured party's insurer had to make under an underinsured motorist automobile policy. Id. at 184.
Relying on the language of section 38-175a-6 (d)(1) of the Regulations of Connecticut State Agencies, the insurer in DelGreco argued that it was entitled to set-off the payment by the dram shop's insurer because the dram shop was "responsible for the injury" to the insurer. Id. at 192. That section of the regulations states that an insurance policy may provide for a reduction of the limits of liability "`to the extent that damages have been (1) paid by or on behalf of any person responsible for the injury.'" The court rejected the insurer's position that it could set-off payment by the dram shop's insurer, holding that set-off is limited to automobile policies of an underinsured motorist. Id., 196-97. To limit DelGreco to the proposition that only the payment made on behalf of the responsible person, i.e. his insurance company, can be set-off, places an unwarranted limitation on the breadth of the court's decision and is inconsistent with the plain language of the regulation. Clearly, the tortfeasor White was the person legally responsible for the injury.
In this case the insurance policy provides in pertinent part that "[a]ny amounts otherwise payable for damages under this coverage shall be reduced by all sums: 1) Paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible." Here, payments to Leniado-Chira were paid both by and on behalf of the responsible party, the tortfeasor White. This court respectfully disagrees with contrary authority which limits credits and set-off to payment made by the tortfeasor's insurance liability carrier, Lumbermans Mutual Casualty Co. v. Huntley., 4 Conn. L. Rpts. 12, 382 (August 5, 1991). "Uninsured motorist coverage was designed to protect insured victims from the negligence of uninsured motorist and places the insurer in the shoes of the tortfeasor as a source of payment to the victim. The amount recoverable may also be reduced by the amount the insured has already received from the tortfeasor." 12a. Couch on Insurance 2d 212.
Accordingly, the Company is entitled to a set-off of both those payments for a total of $500,000. Since this ruling is CT Page 8468 dispositive, there is not need to address any other issue. The motion to confirm is denied; the motion to vacate is granted.
MOTTOLESE, J.