[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
The Complaint
This is a suit on a note given by the three defendants to the plaintiff in part consideration for the sale by the plaintiff to the defendant corporation of a vending machine business.
The defendants Crocamo Vending Machine Company and Clemente Crocamo in their Disclosure of Defense stated that they had no defense. The defendant Richard Ruscoe declared he had a defense in that the assets and liabilities of the business were misrepresented CT Page 9893 by the plaintiff and by Clemente Crocamo, the plaintiff's son.
In his answer the defendant Richard Ruscoe alleged that the defendant Clemente Crocamo and the plaintiff misrepresented the assets and liabilities of the business and that he relied on their misrepresentation to his financial detriment. He pointed out that in the agreement dated October 11, 1983 between the parties the plaintiff represented that all the assets being transferred to the corporation were subject to no liens when in fact a 1979 Chevy Cube Van had a lien of $1200 on it. When this fact was discussed, the plaintiff paid off the lien immediately. Next the defendant Richard Ruscoe thought that both he and the defendant Clemente Crocamo would be putting $10,000 into the business. In fact Clemente Crocamo did not put this amount into the business and the plaintiff and his lawyer engaged in a transaction obviously designed to cause the defendant Richard Ruscoe to believe that the defendant Clemente Crocamo had put $10,000 into the business. The defendant Clemente Crocamo testified he did not put that amount into the business but he had assumed certain obligations of the plaintiff apparently in some other venture.
The problem of the lien on the van is of little significance while that of Clemente's contribution to the finances of the corporation is of great significance. The defendant Richard Ruscoe testified he did not know about the latter problem until it was raised at a deposition he was giving in this case during preliminary procedures after the suit was started in September 1987. He owed 50% of the shares of the defendant corporation, was a member of its Board of Directors, and acted as Secretary and Treasurer of it as well as being an employee of the corporation on a salary. He was in all these official positions in the corporation from the time the corporation was formed in October 1983 until he left the corporation in February 1987. In fact he has not resigned any of those capacities in the corporation. He had the right at all times to examine the books of the corporation and if he needed any professional advice to consult with an attorney or accountant about the affairs of the corporation. He waived his rights over the passage of years when he could have challenged his obligation on the note considering how the moneys to be paid by the defendant Clemente Crocamo were manipulated by the plaintiff and none were paid by the defendant Clemente Crocamo into the corporation.
Under these circumstances judgment must enter on the complaint for the plaintiff to recover of the three defendants the balance due on the note, with interest, costs of collection and attorney's CT Page 9894 fees of $4,112.50 as of July 15, 1991 as per the stipulation of the parties.
 II.
The Cross Complaint of the Defendant Richard Ruscoe
This is directed at the defendant Clemente Crocamo only.
In the Second Count of this Cross Complaint the defendant Richard Ruscoe claimed that the defendant Clemente Crocamo had operated the corporation as his own and has "despite demand refused to account to Richard Ruscoe for receipts and expenses of the corporation" and he refused despite demand to account to Richard Ruscoe "for the payment of the obligations in connection with the purchase of the business on October 11, 1983." He claimed an accounting and a judgment for the amount found to be due on such accounting.
Such allegations are necessary for the court to consider granting a request for an accounting. Such v. The Connecticut Bank and Trust Co., 5 Conn. App. 457, 461.
The defendant Richard Ruscoe testified that, although he had not resigned from any of his positions with the defendant Corporation after he left the Corporation, he did not receive notice of any meetings of the corporation, or any elections of the corporation, that he could not get in contact with Clemente Crocamo at any time although he left messages on his answering machine, and with his girl friend, that he called the corporation's accountant, and left messages with his attorney, and did not get a response from any one. He also said he was not paid any dividends nor did he receive any reports from the corporation. He also waited for Clemente Crocamo at the corporation business office but Clemente never showed up. He wrote a letter to Clemente asking what the business was doing, and what was happening but did not receive any response to that letter.
Under all these circumstances the defendant Richard Ruscoe is entitled to a complete accounting of the corporation's affairs from the time of its incorporation to date. His attorney is directed to prepare an order to be signed by the court to effectuate this decision.
THOMAS J. O'SULLIVAN, TRIAL REFEREE CT Page 9895