[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff instituted the present action which arises out of the sale of the assets of a business by the plaintiff to the defendants in which a defendant acted as manager for the plaintiff seller pending completion of the sale. Various claims are asserted against the defendants arising out of the manipulation of credit card sales. The complaint alleges claims for monetary damages, attorney's fees, accounting, recission and other equitable relief.
The defendant has moved to strike the Fourth Count of the Complaint and the Fifth Claim for Relief, which requests an accounting, on the grounds that the plaintiffs have failed to allege that the accounting has been demanded and that such demand has been refused. As a general rule, a prior demand by a plaintiff for an accounting and a refusal by the defendant to account, is a necessary allegation to the commencement for an action for an accounting. Zuch v. Connecticut National Bank Trust Co., 5 Conn. App. 457,461 (1985). In the present case, the plaintiffs do allege the existence of a fiduciary duty to account and such a claim may well be within the general rule. The present action, however, also claims that the defendants are chargeable with fraud, forgery, misrepresentation, and intentional non-disclosure arising out of the manipulation of credit card purchases. If the plaintiff is able to prove the allegations made in the complaint, the necessity for an accounting might be required to afford the plaintiff complete relief. This is not a case which is based solely upon the contractual duty to account or solely upon the existence of a fiduciary duty to account and, in view of the allegations of the complaint, it is not necessary for the plaintiffs to allege that they have requested an accounting which has been refused. New Haven Sand Blast Co. v. Dreisbach,102 Conn. 169, 190 (1925). Accordingly, the Motion to Strike the Fourth Count in the Fifth Prayer for Relief is denied.
Defendants have also moved to strike the Sixth Prayer for Relief, which seeks a rescission, on the grounds that the allegations of the complaint do not establish a legal or equitable right to rescission. Specifically, the defendants claim that the Second Revised Complaint does not claim that the plaintiffs ever restored or offered to restore the defendants to their former position prior to the contract. Our courts have regularly held that it is a condition of recission that the party seeking recission "offer, as nearly as possible, to place the other party in the same situation that existed prior to the execution of the contract." Burt's Spirit Shop, Inc. v. Ridgway, 215 Conn. 355, 360
(1990). As a condition precedent to a recision, the plaintiff is required to allege and prove that he restored or offered to restore the defendant to his former condition as nearly as possible. Duksa CT Page 6664 v. Middletown, 192 Conn. 191, 197 (1984). It has also been indicated that it is better practice to plead the condition precedent Kavarco v. TJE Inc., 2 Conn. App. 294, 299 (1984) n. 5. Accordingly, the Motion to Strike the Sixth Prayer For Relief is hereby granted.
RUSH, J