[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs in these consolidated actions are appealing from the acceptance by the probate court for the District of Trumbull of three interim accountings for the Estate of F. Francis D'Addario (the "Estate"). The plaintiffs contend that the accepted accountings contain insufficient information concerning the Estate, principally with regard to business entities owned fully or partially by the Estate, and that the accountings fail to comply with Rule 6 of the Connecticut Probate Practice Book. These allegations are denied by the Executors of the Estate, who have also filed two special defenses.
The plaintiff Joan D. Benedetto is the sister of the CT Page 8367 decedent F. Francis D'Addario and is a creditor of the Estate and a beneficiary of the Estate by virtue of a specific bequest under the will. The plaintiff Virginia D'Addario is the daughter of the decedent and is a beneficiary of a trust which is a beneficiary under the will. The decedent was an extraordinarily active businessman who had investments in many parcels of real estate and ownership interests in a multitude of partnerships as well as over thirty operating corporations. As a result the Estate is exceedingly complex.
The plaintiffs contend that the interim accountings are deficient in the following respects: (1) by failing to set forth the financial condition of the Estate's business interests; (2) by failing to provide any information about a significant sale of assets in October, 1990, which is referred to as the "OG" transaction; (3) by failing to provide any information about a sale by the Estate after May 31, 1990 of a portion of its stock in Shawmut National Corp. at a significant loss; and (4) by failing to provide sufficient information with respect to a miscellany of other matters, including details of loans allegedly made to D'Addario family members and the reasons why the Estate is retaining ownership of condominiums in Vermont, San Francisco and New York. The court finds that there is no merit to any of the plaintiffs' contentions.
The executors of the Estate filed three interim accountings with the probate court for the District of Trumbull. The accountings covered the periods from December 1, 1987 to July 31, 1988, from August 1, 1988 to September 30, 1989, and from October 1, 1989 to May 31, 1990. Each of the accountings was prepared by a firm of certified public accountants and contains a summary of the accounts together with numerous schedules. After hearing, the probate judge accepted the accountings despite the objection of the plaintiff Joan D. Benedetto that the accountings did not provide sufficient information.
The scope of an accounting depends upon the circumstances of the individual case. Zuch v. The Connecticut Bank TrustCo., 5 Conn. App. 457, 462 (1985). The general rule is that an accounting should include all items of information in which the beneficiary has "a legitimate concern." Id., 463. One of the issues before the court is whether the plaintiffs have a "legitimate concern" in information relating to the operation of the businesses which are partially or fully owned by the Estate, for what the plaintiffs seek, in part, is the profits and CT Page 8368 losses, assets and liabilities, and the general financial condition of those businesses. (See paragraph 19 of plaintiff Joan Benedetto's reasons of appeal.)
Carten v. Carten, 153 Conn. 603 (1966) is the only case cited by any of the parties which is similar to the facts before this court. In that case the corpus of a testamentary trust was comprised of shares of stock of a corporation. The probate court accepted a final accounting which certain beneficiaries claimed was insufficient for, inter alia, failing to disclose management records of the corporation. The beneficiaries took an appeal and also brought a second action in equity for discovery, seeking the disclosure of similar information about the corporation.
The Connecticut Supreme Court ruled that the beneficiaries were not entitled in their probate appeal to a judicial review of the management and business matters of the corporation because of the limited jurisdiction of both the probate court and the superior court hearing the appeal. Id., 615-616. The Court further held that the beneficiaries were not entitled to the information in the discovery action either. Id., 616. The Supreme Court explained
 The jurisdiction of probate courts over testamentary trusts and the allowance of accounts of testamentary trustees is purely statutory. It has been extended through the years. See Phillips v. Moeller, 147 Conn. 482, 485, 163 A.2d 95; Dettenborn v. Hartford-National Bank Trust Co., 121 Conn. 388, 391, 185 A. 82. It has not, however, been extended to the adjudication of complex legal questions which pertain to the management and operations of a business corporation. Problems of internal administration, proper corporate reserves for working capital and replacement of wasting assets, dividend policy, exercise of business judgment and assumption of business risks may, in a proper case, be the subject of the broad jurisdiction of a general court of equity. Pratt v. Pratt, Read Co., 33 Conn. 446, 455. They are not within the limited jurisdiction of the Probate Court in CT Page 8369 allowing the account of a testamentary trustee.
Id., 615. In Carten, the only case on point, our Supreme Court ruled against claims quite similar to those advanced by the plaintiffs here. The plaintiffs fail to address Carten in their memoranda of law.
The plaintiffs argue that because the accountants for the Estate included a qualifying statement in the third of the three accountings, the Estate has financial difficulties which justify the inclusion in the accountings of the information the plaintiffs seek. This contention, however, fails to recognize that the basis of the Court's ruling in Carten was jurisdictional and the limited jurisdiction does not change because of claimed financial [difficulties. The Superior Court hearing an appeal from probate sits as a probate court, with no greater power than a court of probate. Id., 614.
The plaintiffs also allege that the accountings in question failed to comply with Rule 6 of the Connecticut Probate Practice Book. Rule 6 establishes a uniform system of accounting for fiduciaries, which must be accepted by courts of probate as proper. Rule 6.1. The Rule requires that assets be valued at book value, rather than current market value. Rule 6.2.
Despite the plaintiffs' allegations of non-compliance with Rule 6, the undisputed testimony at trial was that the accountings complied with the requirements of Rule 6. The testimony of the accountant for the Estate on this point was not disputed by the plaintiffs' accountant in his testimony. The court also notes that the fact that probate accounting under Rule 6 is based on book value makes it inherently contradictory to plaintiffs' claims. Plaintiff Joan Benedetto wants to be able to determine from the interim accountings whether her bequest will be paid, but that may involve an analysis based on current market value, not book value as required by Rule 6.
The plaintiffs' sole witness at trial was a certified public accountant retained by plaintiff Joan Benedetto. He testified that he could not determine from the interim accountings whether her bequest would be able to be paid. On cross-examination, however, he admitted that Rule 6 did not require the inclusion in the accounting of the information which CT Page 8370 he wished to have included. Moreover, he admitted that a decision about how much information should be provided is a matter of opinion.
The plaintiffs failed to sustain their burden with respect to the allegations of their appeals. The challenged accountings comply with Rule 6. The Carten case provides precedent adverse to the plaintiffs' claims here. The undisputed evidence with respect to both the OG transaction and the Shawmut stock sale showed that both transactions occurred after the ending date of the period covered by the third accounting. Therefore, the transactions were not required to be reported in the challenged accountings. There being no merit to the plaintiffs' claims, these appeals are ordered dismissed.
CHRISTINE S. VERTEFEUILLE, JUDGE