L. REED PHILLIPS ET AL. *v.* HERBERT L. MOELLER, JR., ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, JS.

Argued March 21—decided May 2, 1961

*Robert I. Berdon,* with whom was *David D. Berdon,* for the appellants (plaintiffs).

*George W. Crawford,* for the appellees (named defendant et al.).

*Samuel A. Persky,* for the appellee (defendant Narragansett Sales Company, Inc.).

*Curtiss K. Thompson,* for the appellee (defendant Rogers).

MELLITZ, J. This action was instituted during the pendency in the Probate Court for the district of New Haven of the proceedings for the removal of two trustees of the estate of Constand A. Moeller which were the basis of the appeal in *L. Reed Phillips* v. *Herbert L. Moeller, Jr., et al., Trustees,* decided this day. The action here is by L. Reed Phillips and his two children, beneficiaries of the estate, against the four successor trustees of the estate. The relief sought is an accounting by the trustees of the operations of the trust since 1940, and damages and counsel fees. In addition to naming the trustees as defendants, the writ also names as a defendant the Narragansett Sales Company, Inc. No allegation in the complaint is directed against that defendant. From a judgment for the defendants, the plaintiffs have appealed.

Essentially the same facts are involved in both cases and form the basis of the issues presented and the claims made. The assignments of error in the two cases are substantially identical. Specifically, the items as to which the plaintiffs here seek an accounting relate to rent collections made by Rudolph L. Kautz, Sr., and retirement allowances paid to two employees of the trust. An accounting is also sought, from the two trustees who were involved in the removal proceedings, of profits derived from the operation of the Narragansett Sales Company, Inc. These issues have all been determined by the holding in the other case. As in that case, it was conceded here, during the trial, that the trustees "had committed no fraud [and] that there was no deliberate attempt on their part to resort to deceit-

ful methods by which they are hiding their dealings in such a way as to commit fraud upon the beneficiaries."

As to the claim of the plaintiffs for counsel fees and expenses incurred in bringing this suit, the court found that there was no evidence that the trust estate was, at any time from the appointment of the trustees to the bringing of this action, in any peril or that the plaintiffs incurred expense to ward off a peril to the estate or to secure a common benefit to the beneficiaries. The court concluded that the plaintiffs are not entitled to any allowance from the trust estate to pay any expenses incurred by them in bringing and prosecuting this suit or for counsel fees in connection with it. See *Johnston* v. *Moeller,* 93 Conn. 590, 594, 107 A. 566. The allowance or refusal of counsel fees in an action against a trustee who acted in good faith in the matter concerning which the litigation was brought is within the discretion of the court. 54 Am. Jur. 491, § 636. Nothing has been shown to establish an abuse of discretion on the part of the trial court, and its conclusion that the plaintiffs have not shown themselves entitled to counsel fees may not be disturbed.

There is no error.

In this opinion the other judges concurred.