# CHRISTINA MANGIANTE *v.* THERESA MANGIANTE NIEMIEC
## (AC 26932)

Flynn, C. J., and DiPentima and Peters, Js.

Argued September 11—officially released December 5, 2006

*Sandi Beth Girolamo*, with whom, on the brief, were *James T. Flaherty* and *Julia B. Morris*, for the appellant (defendant).

*Clifford S. Thier*, for the appellee (plaintiff).

*Opinion*

PETERS, J. In the absence of an applicable statute or contract provision, the American rule generally precludes the award of attorney's fees to a prevailing party in civil litigation. The issue in this case is whether a trial court has equitable authority to depart from this rule to protect the beneficiary of an account established pursuant to the Connecticut Uniform Transfers to Minors Act (act), General Statutes §§ 45a-557 through 45a-560b, who seeks such fees as a remedy for a trustee's depletion of the trust funds in breach of the trustee's fiduciary duty to the beneficiary. We conclude that the court had such authority and affirm its judgment in favor of the beneficiary.

On May 11, 2000, the plaintiff, Christina Mangiante, filed an action alleging breach of fiduciary duty against the defendant, Theresa Mangiante Niemic. In *Mangiante* v. *Niemiec*, 82 Conn. App. 277, 843 A.2d 656 (2004), this court upheld the judgment of the trial court that the defendant, in breach of her fiduciary obligation to the plaintiff under the act, had engaged in self-dealing by using custodial funds to satisfy her own child support obligations.[1] Id., 284–85.

---

[1] The amount in Mangiante's account was $3920. *Mangiante* v. *Niemiec*, supra, 82 Conn. App. 279.

Thereafter, on December 2, 2004, the plaintiff returned to the trial court seeking an order, pursuant to her complaint, requiring the defendant to pay her attorney's fees for the trial and the appeal.[2] The defendant objected on the grounds that the plaintiff's motion was untimely and substantively improper. Although the court initially agreed that the American rule precluded recovery for the plaintiff, in response to the plaintiff's motion for reconsideration, it decided to exercise its equitable powers to award the plaintiff trial court attorney's fees of $2335.34 and appellate court attorney's fees of $6317.40.

In the defendant's appeal from the judgment awarding attorney's fees, she has raised two issues. She maintains that the court improperly (1) exercised its discretion to consider an award of attorney's fees without a statutory or a contractual foundation and (2) addressed the merits of the motion even though it was untimely, without citing new case law or principles to justify reconsideration of the earlier denial of the plaintiff's motion. We are unpersuaded.

I

The principal issue before us is whether the court properly exercised its equitable discretion to grant attorney's fees for breach of fiduciary duty under the act. The defendant claims that the court abused its discretion by awarding attorney's fees absent express statutory or contractual authority. We disagree.

"It is well established that we review the trial court's decision to award attorney's fees for abuse of discretion. . . . This standard applies to the amount of fees

---

[2] In her December, 2004 motion, the plaintiff also sought to recover costs. Although the court initially miscalculated these costs, it ultimately awarded her $25 pursuant to General Statutes § 52-257 (c). The validity of that order has not been challenged in this appeal.

awarded . . . and also to the trial court's determination of the factual predicate justifying the award. . . . Under the abuse of discretion standard of review, [w]e will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . [Thus, our] review of such rulings is limited to the questions of whether the trial court correctly applied the law and reasonably could have reached the conclusion that it did." (Citations omitted; internal quotation marks omitted.) *Schoonmaker* v. *Lawrence Brunoli, Inc.*, 265 Conn. 210, 252–53, 828 A.2d 64 (2003).

Connecticut generally follows the American rule with regard to attorney's fees. "[E]xcept as provided by statute or in certain defined exceptional circumstances, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." (Internal quotation marks omitted.) *Maris* v. *McGrath*, 269 Conn. 834, 844, 850 A.2d 133 (2004); see also *CFM of Connecticut, Inc.* v. *Chowdhury*, 239 Conn. 375, 393, 685 A.2d 1108 (1996), overruled in part on other grounds by *State* v. *Salmon*, 250 Conn. 147, 154–55, 735 A.2d 333 (1999) (en banc). Despite the general rule, our Supreme Court has recognized exceptions for cases in which the party or its counsel has acted in bad faith; see *Maris* v. *McGrath*, supra, 835–36; and for cases in which attorney's fees are assessed as punitive damages. See *Label Systems Corp.* v. *Aghamohammadi*, 270 Conn. 291, 335, 852 A.2d 703 (2004). The court did not rely on either of these grounds in its ruling in this case, and the plaintiff has not argued that the court should have done so.

In addition to these oft-cited exceptions, our courts regularly have recognized limited equitable exceptions to the American rule. See, e.g., *Palmer* v. *Hartford National Bank & Trust Co.*, 160 Conn. 415, 420, 279 A.2d 726 (1971) (upholding award of equitable attorney's fees

to beneficiary of trust where beneficiary brought action to protect corpus of trust); *Phillips* v. *Moeller*, 148 Conn. 374, 376, 170 A.2d 904 (1961) ("[t]he allowance or refusal of counsel fees in an action against a trustee who acted in good faith in the matter concerning which the litigation was brought is within the discretion of the court"); *McKeever* v. *Fiore*, 78 Conn. App. 783, 791, 829 A.2d 846 (2003) ("[a]ttorney's fees in foreclosure actions are within the court's equitable discretion and are subject to the control of the court").

The decisions in these cases emphasize that the equitable nature of the underlying action provides a basis for the equitable award of attorney's fees. In so doing, Connecticut law is consistent with that of other states in recognizing equitable exceptions to the American rule. See, e.g., *In re Water Use Permits Applications*, 96 Haw. 27, 29, 25 P.3d 802 (2001) ("[t]his court has recognized a number of equitable exceptions to the 'American [r]ule' "); *Garcia* v. *Foulger Pratt Development, Inc.*, 155 Md. App. 634, 661, 845 A.2d 16 (2003) ("[e]xceptions to the American [r]ule are premised on underlying equitable or policy considerations which support the need for such recovery"); *Mountain West Farm Bureau Mutual Ins. Co.* v. *Brewer*, 315 Mont. 231, 235, 69 P.3d 652 (2003) (recognizing equitable exceptions to American rule); *In re Estate of Lash*, 169 N.J. 20, 43, 776 A.2d 765 (2001) (departing from American rule only when there is "express authorization by statute, court rule, or contract . . . or when the interests of equity demand it" [citation omitted; internal quotation marks omitted]); see also 1 A. Scott, W. Fratcher & M. Ascher, Trusts (5th Ed. 2006) § 1.1, p. 5 (recognizing that trusts arise from English courts of equity).

The circumstances of this case fully justify the trial court's invocation of equitable authority for awarding attorney's fees because, without such an award, the

plaintiff could not be made whole. As the record demonstrates, at trial and on appeal, she needed legal assistance to enable her to secure the trust corpus to which she was entitled under the act.[3]

Our Supreme Court's decision in *Palmer* is instructive because it bears a close factual resemblance to the present case. *Palmer* involved an action by a beneficiary of a trust against the trustee to recover $85,000 in lost profits to the trust. *Palmer* v. *Hartford National Bank &*

---

[3] When the injured party is the public as a whole, courts have awarded attorney's fees to the prevailing plaintiff under the private attorney general doctrine, invoking the equitable powers of the court to make the injured party whole. See, e.g., *Montanans for the Responsible Use of the School Trust* v. *State*, 296 Mont. 402, 421–23, 989 P.2d 800 (1999); see also *Arnold* v. *Dept. of Health Services*, 160 Ariz. 593, 609, 775 P.2d 521 (1989) ("[t]he private attorney general doctrine is an equitable rule [that] permits courts in their discretion to award attorney's fees"); *Serrano* v. *Priest*, 20 Cal. 3d 25, 47, 569 P.2d 1303, 141 Cal. Rptr. 315 (1977); *Hellar* v. *Cenarrusa*, 106 Idaho 571, 578, 682 P.2d 524 (1984); *Claremont School District* v. *Governor*, 144 N.H. 590, 598, 761 A.2d 389 (1999); *Stewart* v. *Public Service Commission*, 885 P.2d 759, 783 (Utah 1994); *Miotke* v. *Spokane*, 101 Wash. 2d 307, 310, 678 P.2d 803 (1984) (en banc); *Watkins* v. *Labor & Industrial Review Commission*, 117 Wis. 2d 753, 764, 345 N.W.2d 482 (1984).

We acknowledge that even though the purpose of the private attorney general doctrine arises from the equitable goal of making the injured plaintiff whole, the cases in which these other jurisdictions have applied the doctrine are factually different from this case. The private attorney general doctrine has traditionally been applied when an individual bears the litigation costs in vindicating a public right.

Furthermore, we recognize that our Supreme Court has cautioned against the exercise of unbridled equitable discretion, particularly under the private attorney general doctrine. *Doe* v. *State*, 216 Conn. 85, 108, 579 A.2d 37 (1990) ("it is inappropriate for the judiciary to establish under the private attorney general doctrine a broad rule permitting such fees whenever a private litigant has at substantial cost to himself succeeded in enforcing a significant social policy that may benefit others" [internal quotation marks omitted]). *Doe*, however, did not purport to overrule the more limited role for equitable discretion that the court earlier had recognized for private rights of action in *Palmer* v. *Hartford National Bank & Trust Co.*, supra, 160 Conn. 420, a case that the court has cited on other grounds and with approval subsequent to *Doe*. See, e.g., *In re Michaela Lee R.*, 253 Conn. 570, 593, 756 A.2d 214 (2000); *Cross* v. *Hudon*, 42 Conn. App. 59, 63, 677 A.2d 1385, cert. denied, 239 Conn. 932, 683 A.2d 400 (1996).

*Trust Co.*, supra, 160 Conn. 420. Following the lead of the United States Supreme Court in *Trustee* v. *Greenough*, 105 U.S. 527, 26 L. Ed. 1157 (1881), our Supreme Court reasoned that, as a matter of equity, a beneficiary who had expended his own funds to restore the $85,000 to the trust was entitled to recover attorney's fees from the other beneficiaries who gained from his actions. *Palmer* v. *Hartford National Bank & Trust Co.*, supra, 421–23. Affirming the trial court's equitable authority, our Supreme Court reiterated the statement by the United States Supreme Court that "[i]t would be very hard on [the beneficiary who brought the action] to turn him away without any allowance . . . . It would not only be unjust to him, but it would give the other parties entitled to participate in the benefits of the fund an unfair advantage." (Internal quotation marks omitted.) Id., 421, quoting *Trustee* v. *Greenough*, supra, 532. Similarly, in this case, it was not an abuse of the trial court's discretion to find that it would be unfair for a minor beneficiary to have to bear the costs of litigation in order to recover funds misappropriated from a trust account created for her benefit.

We note finally that the act expressly confers on the court the power to order an equitable remedy in the form of an accounting. General Statutes § 45a-559d (c).[4] "A fiduciary relation, such as that of a trustee with a duty to account, always gives equity jurisdiction in an action for an accounting against the trustee." *McDonald* v. *Hartford Trust Co.*, 104 Conn. 169, 188, 132 A. 902 (1926). Actions for accounting generally invoke the equitable powers of the court. *Mankert* v. *Elmatco Products, Inc.*, 84 Conn. App. 456, 460, 854 A.2d 766 ("[c]ourts of equity have original jurisdiction to state

---

[4] General Statutes § 45a-559d (c) provides: "The court, in a proceeding under sections 45a-557 to 45a-560b, inclusive, or in any other proceeding, may require or permit the custodian or the custodian's legal representative to account."

and settle accounts, or to compel an accounting, where a fiduciary relationship exists between the parties and the defendant has a duty to render an account" [internal quotation marks omitted]), cert. denied, 271 Conn. 925, 859 A.2d 580 (2004); *Zuch* v. *Connecticut Bank & Trust Co.*, 5 Conn. App. 457, 460, 500 A.2d 565 (1985) ("[t]he fiduciary relationship is in and of itself sufficient to form the basis for [the equitable relief requested]").

Although our Supreme Court has not had the opportunity to consider this issue, the Supreme Court of Colorado has held that the authority to order an accounting under the act encompasses the equitable power to award attorney's fees, even in the face of the American rule. See, e.g., *Buder* v. *Sartore*, 774 P.2d 1383, 1391 (Colo. 1989). In *Buder*, the Supreme Court of Colorado held that "the rationale . . . that the object of an award of attorney fees in a breach of trust action is to make the injured party whole again, is, in our view, equally applicable in an action against a custodian for breach of fiduciary duty. The fundamental purpose of performing an accounting in this case, that of making the children whole by returning them to the position they would have enjoyed had [the fiduciary] not imprudently invested their funds, would be frustrated by requiring them to pay attorney fees out of their funds." Id. We agree with the Supreme Court of Colorado that the goal of a breach of fiduciary duty action under the act is to make the minor beneficiary whole. A minor beneficiary who must expend more in attorney's fees to recover the corpus of the account than its original value cannot be made whole again without an award of attorney's fees. Colorado law is consistent with the scholarly view that "if the trustee was at fault in causing the litigation, he must personally bear the expenses of the litigation." 3 W. Fratcher, Scott on Trusts (4th Ed. 1988) § 188.4, p. 68.

In light of the practice of our courts in allowing equitable exceptions to the American rule and the grant of certain equitable powers under the act, we are persuaded that the court did not abuse its discretion in awarding attorney's fees to preserve the value of the trust to the plaintiff in its entirety. The beneficiary of an account established pursuant to the act should not have to bear the costs of the litigation necessary to establish a custodian's breach of her fiduciary duty owed to the minor beneficiary. As this court has noted previously, "the overriding goal of the act is to preserve the property of the minor who, due to her age, was unable to protect her interests fully." *Mangiante* v. *Niemiec*, supra, 82 Conn. 282.

## II

We next address the issue of whether the award of attorney's fees should be set aside because the court improperly entertained the motion to reconsider its earlier decision not to award such fees.[5] "The granting of a motion for reconsideration . . . is within the sound discretion of the court. The standard of review regarding challenges to a court's ruling on a motion for reconsideration is abuse of discretion. As with any discretionary action of the trial court . . . the ultimate [question for appellate review] is whether the trial court could have reasonably concluded as it did." (Internal quotation marks omitted.) *Shore* v. *Haverson Architecture & Design, P.C.*, 92 Conn. App. 469, 479, 886 A.2d 837 (2005), cert. denied, 277 Conn. 907, 894 A.2d 988 (2006).

---

[5] Although the court's issued its August 31, 2005 decision under the heading, "memorandum of decision re: plaintiff's motion for reargument," the body of the decision refers to the plaintiff as having asked for reconsideration. The plaintiff never filed a motion for reargument, however, but instead asked "the court to reconsider a portion of its decision" in her March 29, 2005 "Response to the Defendant's Motion For Clarification." Rather than considering the title of the court's decision to control the substance of the motion, we review the court's August 31, 2005 decision as a motion for reconsideration in light of the substance of the decision. See *Jaser* v. *Jaser*, 37 Conn. App. 194, 202, 655 A.2d 790 (1995).

The defendant claims that the court abused its discretion in granting reconsideration on the issue of attorney's fees because the motion was untimely pursuant to Practice Book § 11-21. The defendant also claims that the reconsideration was improper because the plaintiff did not present any new legal authority on this issue. We reject each of these clams.

## A

Practice Book § 11-21 provides in relevant part: "Motions for attorney's fees shall be filed with the trial court within thirty days following the date on which the final judgment of the trial court was rendered. If appellate attorney's fees are sought, motions for such fees shall be filed with the trial court within thirty days following the date on which the appellate court or supreme court rendered its decision disposing of the underlying appeal. . . ." It also provides that "[n]othing in this section shall be deemed to affect an award of attorney's fees assessed as a component of damages." Practice Book § 11-21.

The time limits of Practice Book § 11-21 do not apply to a trial court's award of attorney's fees as damages. *TDS Painting & Restoration, Inc.* v. *Copper Beech Farm, Inc.*, 73 Conn. App. 492, 517 n.18, 808 A.2d 726, cert. denied, 262 Conn. 925, 814 A.2d 379 (2002). An award of attorney's fees is considered an award of damages if the court's decision is premised on its exercise of its equitable powers in an effort to make the plaintiff whole. See 1 D. Dobbs, Remedies (2d Ed. 1973) § 3.10 (3), p. 402 ("[w]hen recovery of a fee award is permitted because the adversary has breached a duty to protect against just such costs, the fee award is *damages*, not *costs*" [emphasis in original]).

In this case, the court unambiguously viewed the grant of attorney's fees as part of an award of damages. It stated that "the plaintiff should not have to lose or

reduce the recovery of her money from the trust set up by her parents by the cost of attorney's fees necessitated to recover those funds." The grant of attorney's fees, when coupled with the restitution of the plaintiff's account, served as an award of damages in an equitable action that sought to make the plaintiff whole again. Practice Book § 11-21 does not govern the court's award of attorney's fees for damages. Accordingly, the court's award was not an abuse of its discretion.

B

The defendant's final claim is that the court abused its discretion in granting the motion to reconsider. The defendant claims that the court was required to find that the plaintiff had presented some new legal or factual basis for its decision when it granted the motion for reconsideration. The standard for deciding a motion for reconsideration is, however, quite different: "A reconsideration implies reexamination and possibly a different decision by the [court] which initially decided it." (Internal quotation marks omitted.) *Wasson* v. *Wasson*, 91 Conn. App 149, 161, 881 A.2d 356, cert. denied, 276 Conn. 932, 890 A.2d 574 (2005); *Jaser* v. *Jaser*, 37 Conn. App. 194, 202, 655 A.2d 790 (1995).

The defendant relies on cases in which appellate courts have held that the trier, in the exercise of its discretion, need not entertain reargument with respect to issues for which the proponent of a motion to reargue presents no new authority or facts. See, e.g., *Doyle* v. *Abbenante*, 89 Conn. App. 658, 665, 875 A.2d 558, cert. denied, 276 Conn. 911, 886 A.2d 425 (2005); *Opoku* v. *Grant*, 63 Conn. App. 686, 692–93, 778 A.2d 981 (2001); *Jaser* v. *Jaser*, supra, 37 Conn. App. 202. None of these authorities purports to deprive the trier of the power to undertake reconsideration that the trier believes to be warranted on equitable grounds.

Whether denominated as a motion for reargument or reconsideration, the motion filed by the plaintiff was a proper vehicle for the court to exercise its equitable discretion to reexamine its decision about awarding attorney's fees to the plaintiff. Any other rule would be impossible to reconcile with the court's equitable authority to implement the act.

The judgment is affirmed.

In this opinion DiPENTIMA, J., concurred.

FLYNN, C. J., concurring. I agree with the holding of the majority that the circumstances of this case fully justify the trial court's invocation of equitable authority to award attorney's fees to the plaintiff because, although not agreed to by contract or expressly authorized by statute, without its invocation, the plaintiff would not be made whole. I further agree that if the trustee was at fault in causing the litigation arising out of a breach of fiduciary duty, it is only fair that the expense of remedying that breach should fall on the trustee causing it. Our opinion does no more than give voice to that old equitable maxim that "where one of two persons must suffer loss, he should suffer whose act or neglect occasioned the loss." H. Gibson, A Treatise on Suits in Chancery (2d Ed. 1907) § 52, p. 45.

I write separately because I do not believe that the "private attorney general doctrine" has any applicability to this dispute, which essentially is a private one between two family members arising out of private rights. As the cases cited by the majority in footnote 3 tell us, the "private attorney general doctrine" has been reserved generally for matters, the resolution of which affects the public at large. The term is used sometimes when the public at large is not affected directly, but when some act injurious to a private party is a part of an unfair custom or practice regularly engaged in on

the part of the wrongdoer. On the record before us, I do not find either situation present.

For the foregoing reasons, I concur with the majority's decision.